UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WILLIAM DROESSER,
et al., individually and on behalf of
all others similarly situated,

       Plaintiffs,                               Civil Action No. 19-CV-12365

vs.                                        HON. BERNARD A. FRIEDMAN

FORD MOTOR COMPANY,

       Defendant.

_____/

## ORDER APPOINTING CHRISTOPHER G. DARROW AS DISCOVERY MASTER, TECHNICAL ADVISER, AND MEDIATOR

This matter is presently before the Court on the Court's prior notice regarding the appointment of a "discovery master/technical adviser" (ECF No. 71), defendant's objection to the Court's notice (ECF No. 75), and plaintiffs' memorandum in response (ECF No. 78).

This case was originally assigned to another district judge, but was reassigned to this Court on April 22, 2022.  Having reviewed the second amended complaint, defendant's pending motion to dismiss, and defendant's objection to the Court's recent notice, the Court believes that a discovery master/technical adviser/mediator with a background in engineering and law would assist the parties in quickly resolving discovery and other pretrial disputes that are expected to arise. Given the technical and legal issues raised in this case, the Court believes that the parties would be particularly well served by the support of such an individual.  Accordingly, pursuant to Fed. R. Civ. P. 53 and the Court's inherent authority, the Court hereby orders as follows:

      1. **Duties.**  Christopher G. Darrow shall serve as a discovery master, technical

advisor, and mediator in this case.[1] *See* http://www.darrowmustafa.com/christopher-g-darrow. Mr.

Darrow may manage discovery, issue orders resolving discovery disputes, issue orders regarding

protective order disputes, and monitor ongoing discovery, including e-discovery. Mr. Darrow may

meet and confer, either with the parties separately or jointly, in an effort to resolve any dispute or

motion without formal adjudication. Mr. Darrow may hold a hearing or oral argument as part of

resolving a motion or discovery dispute. Mr. Darrow may also conduct settlement conferences with

the parties as directed by the Court or as agreed to by the parties. Mr. Darrow shall file any orders

issued with the Court and serve the order on the parties.

2. **Ex parte communication.** The Court is authorized to have ex parte

communications with Mr. Darrow orally and in writing. All such communications shall be

confidential and not subject to disclosure or discovery. Counsel for the parties shall not have ex

parte communications with Mr. Darrow about the merits of any filed motion, except in an effort as

part of a meet-and-confer to resolve any dispute or motion without formal adjudication. Counsel

may communicate ex parte with Mr. Darrow regarding the scheduling or agenda of any conference

or procedures to be followed and in settlement discussions. Mr. Darrow may have ex parte

communications with the parties to make informal suggestions to facilitate compliance with orders

---

[1] The parties are advised that over the past several years the Court has appointed Mr. Darrow in many other cases to serve as a discovery master, technical adviser, or mediator. Without exception, he has exceeded the Court's and the parties' expectations in resolving pretrial disputes and facilitating settlements. The Court believes that the parties in this matter will save time and money by presenting their pretrial disputes in the first instance informally to Mr. Darrow, rather than presenting them to the Court by way of traditional motion practice. Pursuant to Fed. R. Civ. P. 53(b)(3)(A), Mr. Darrow has submitted an affidavit affirming that there are no conflicts of interest that would interfere with his ability to serve as an impartial discovery master, technical advisor, or mediator; nor are there any grounds for disqualification under 28 U.S.C. § 455. (ECF No. 74).

of the Court.

3. **Records.** Mr. Darrow shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. When practical, Mr. Darrow shall preserve a copy of any written communications between the special master and the parties. Mr. Darrow shall also preserve a copy of any written decisions he issues. Mr. Darrow may make audio recordings at his discretion, but there is no need for any oral discussions to be transcribed by a court reporter unless a party chooses to do so at their own expense.

4. **Review.** Any objection to an order issued by Mr. Darrow shall be made by motion to the Court within seven days of the order being served. Any response to such objection must be filed within seven days of the service of the objection. Unless an objection is timely filed, any order filed by Mr. Darrow shall be final. Pursuant to Fed. R. Civ. P. 53(f)(3) and (4), the standard of review shall be de novo.

5. **Compensation.** Taking into account all of the factors and requirements set forth in Fed. R. Civ. P. 53(g), the Court determines that Mr. Darrow shall be compensated at a rate of $300 per hour for his time and be reimbursed for all reasonable expenses. Fifty percent of Mr. Darrow's fees and expenses shall be paid by plaintiffs collectively, and fifty percent shall be paid by defendant. Mr. Darrow may determine the exact share for any party based on the party to which the motion or discovery dispute pertains. Mr. Darrow will generally invoice the parties monthly, and the parties shall pay Mr. Darrow's invoice within sixty days of receiving his invoice. Any dispute regarding Mr. Darrow's fees and expenses shall be resolved by the Court.

6. As the Court's discovery master, technical adviser, and mediator, Mr. Darrow shall

proceed with all reasonable diligence in resolving disputes brought before him.

7. Defendant's objection (ECF No. 75) to the Court's "notice regarding appointment

of Christopher G. Darrow as discovery master/technical adviser" is overruled.

SO ORDERED.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 10, 2022
Detroit, Michigan