UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WILLIAM DROESSER et al.,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 19-12365
Honorable Laurie J. Michelson

OPINION AND ORDER GRANTING UNOPPOSED MOTIONS TO SEAL
[142, 145, 161, 164, 174] AND UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL AUTHORITY [192]

In this multi-state putative class action, Plaintiffs allege Ford Motor Company's 6.7L Power Stroke diesel engines in the Class Vehicles were equipped with defective CP4 fuel pumps. During discovery, Ford produced years-worth of engineering records and other documents identified as highly confidential business information. The parties have attached many of these documents to their briefing in connection with a motion to exclude Plaintiffs' expert, a motion for summary judgment, and a motion for class certification. As such, Ford has filed motions to seal this information. Ford has also identified supplemental authority that it asks the Court to consider regarding Plaintiffs' class certification motion.

These motions are fully briefed and do not require oral argument. E.D. Mich. LR 7.1(f)(2). They are also unopposed. Along with the briefs, the parties filed joint motions with indexes of the documents proposed for sealing pursuant to Eastern District of Michigan Local Rule 5.3(b). (ECF Nos. 142, 164). For the following reasons,

the Court will GRANT the various motions to seal (ECF Nos. 142, 145, 161, 164, 174) and GRANT the motion for leave to file supplemental authority (ECF No. 192).

## I.

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents must meet a high burden, as "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* And "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To make this showing, a party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (internal quotation marks omitted).

### A. Compelling Interest

Ford argues that sealing is justified to protect two categories of information: (1) trade secrets/confidential business information and (2) sensitive personally identifiable information (PII) of customers.

Consider first the alleged trade secrets and confidential business information that Ford seeks to seal. (ECF No. 145, PageID.29006–29009; ECF No. 161,

PageID.38331; ECF No. 174.) Ford says that "[i]nformation found in the exhibits is used in Ford's business of designing and manufacturing Ford trucks and vehicles, conducting ongoing product development, and developing Ford's internal engineering processes." (ECF No. 161, PageID.38337; ECF No. 145, PageID.29006–2007; ECF No. 174, PageID.45695.) Ford also notes that certain exhibits "contain confidential information related to [its] proprietary vehicle development testing processes and results" and that "[it] invests significant resources into the development of its testing procedures and takes great care to ensure that these procedures are not shared with Ford's competitors." (ECF No. 161, PageID.38337; ECF No. 145, PageID.29006; ECF No. 174, PageID.45695.)

"Courts have held that there is a compelling interest in sealing materials which appear to contain confidential business information." *Bollinger v. Bollinger Motors, Inc.*, No. 25-10790, 2025 WL 1293353, at *2 (E.D. Mich. May 5, 2025). Indeed, "[t]he Sixth Circuit has long-recognized that a company's trade secrets, or information that would affect its competitive position are appropriate to seal." *Krueger v. Experian Info. Sols., Inc.*, No. 19-10581, 2020 WL 13490064, at *1 (E.D. Mich. Mar. 18, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *Evans v. Cardinal Health*, No. 19-10751, 2020 WL 8459141, at *1 (E.D. Mich. Aug. 6, 2020) ("Courts have held that trade secrets and sensitive business information—such as that Cardinal seeks to redact—are appropriate for sealing."). And exposure of Ford's proprietary development and testing processes could

compromise Ford's competitive position. Thus, Ford's confidential business information may remain under seal.

Ford also asks to seal personally identifiable information (PII) of customers such as individuals' dates of birth, home addresses, personal telephone numbers, driver's license numbers, and other sensitive information. (ECF No. 161, PageID.38340; ECF No. 145, PageID.29009.) The Court finds that this is also an acceptable basis for sealing. *Bright v. Brookdale Senior Living, Inc.*, No. 19-00374, 2024 WL 1361839, at *2 (M.D. Tenn. Mar. 29, 2024) ("The Court finds that sealing portions of the above documents that contain personally identifiable information is appropriate."); *Elmy v. W. Express, Inc.*, No. 17-01199, 2021 WL 6496867, at *2 (M.D. Tenn. Sept. 1, 2021) (granting motion to seal because documents contain PII).

## B. Public Interest

The second factor asks whether the interest in sealing outweighs the public's interest in accessing the records. Ford contends that the dissemination of its trade secrets and confidential business information would "cause substantial harm to Ford's business" while being "of no practical significance to the general public." (ECF No. 145, PageID.29008; ECF No. 161, PageID.38339; ECF No. 174, PageID.45697.) This suffices. *See Cheese Hog Mfg., LLC v. ReddyMade, LLC*, No. 23-00155, 2025 WL 4660309, at *2 (S.D. Ohio Mar. 19, 2025) ("The Court is unable to identify caselaw that would corroborate the claim that the public has an interest in accessing confidential, trade secret information that outweighs a company's right to maintain the confidentiality of that information.").

4

As for the PII, Ford convincingly argues that a customer's "right to privacy in her personally identifying information outweighs the public's interest in the access to the same." (ECF No. 145, PageID.29009 (citing *Waller v. Ohiohealth Corp.*, No. 25-00672, 2025 WL 1752004, at *3 (S.D. Ohio June 25, 2025)); ECF No. 161, PageID.38340.) And the public, while undoubtedly interested in allegations of vehicle safety and the identities of the litigants spearheading this litigation, has no overriding interest in the PII of these individuals. So the second factor also permits sealing.

### C. Narrow Tailoring

Lastly, Ford has not asked for wholesale sealing of most documents. (ECF No. 145, PageID.29006, 29010–29011; ECF No. 161, PageID.38336, 38340; ECF No. 174, PageID.45694.) Instead, the parties have carefully identified the subset of documents and portions of others for which sealing is appropriate. In other words, Ford has narrowly tailored its request. *See Sazerac Co., Inc. v. Republic Nat'l Distrib. Co., LLC*, No. 23-00025, 2024 WL 3905739, at *3 (W.D. Ky. Aug. 21, 2024) ("Sazerac's request is narrowly tailored, as it seeks to seal Exhibits rather than entire motions."); *Allergan, Inc. v. Revance Therapeutics, Inc.*, No. 23-00431, 2025 WL 2817790, at *2 (M.D. Tenn. Sept. 18, 2025) ("The requested seal is narrowly tailored because only some of the exhibits are sealed.").

Overall, the Court finds Ford has met its burden of showing that the information should remain under seal.

## II.

Ford also filed a motion for leave to file supplemental authority notifying the Court of a recent Sixth Circuit case regarding class certification. (ECF No. 192.) Plaintiffs did not oppose the motion but responded with their own interpretation of the decision. (ECF No. 193.) Especially because each side has had an opportunity to weigh in, the Court will GRANT the unopposed motion.

## III.

In sum, the Court GRANTS the unopposed motions to seal (ECF Nos. 142, 145, 161, 164, 174) and for leave to file supplemental authority (ECF No. 192).

IT IS SO ORDERED.

Dated: July 28, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE